UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DENARD,

    Plaintiff,                                   Case No. 10-14023

v.                                             HONORABLE DENISE PAGE HOOD

OFFICER M. WILLIAMS, OFFICER V.
EWING and CITY OF HIGHLAND PARK,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration filed on September 29, 2011 by the two individual defendants remaining in this case, Defendants M. Williams and V. Ewing. The Court ruled that the only remaining claim in Plaintiff's Complaint against Defendants Williams and Ewing is a 42 U.S.C. § 1983 claim based on the Fourth Amendment wrongful arrest and/or detention. **(9/20/2011 Order, Doc. No. 20)** Defendants seek reconsideration of the Order arguing that if the Court were to consider the deposition of Defendant M. Williams, taken after the Court entered its Order denying the summary judgment motion, the Court would grant summary judgment in Defendants' favor and dismiss the case.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant

> must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Defendants submit new evidence, excerpts of the July 7, 2011 deposition of Defendant Williams, which had yet to be taken when Defendants filed their summary judgment motion on May 23, 2011. The deposition was taken prior to oral arguments in this matter held on August 2, 2011, but Defendants did not submit the transcript at the hearing nor at any time prior to the Court's issuance of its decision on the motion for summary judgment. Excerpts of the Williams deposition are attached to the Motion for Reconsideration. New evidence cannot be proffered in a Motion for Reconsideration which could have been brought up earlier. Even if the Court were to consider the deposition, there remains a genuine issue of material fact which precludes summary judgment as to Defendants Williams and Ewing.

Accordingly,

IT IS ORDERED that Defendants' Motion for Reconsideration (**Doc. No. 21, filed 9/29/2011**) is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager